# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HAYES ALBEE, | 1:09cv068 LJO DLB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR INTRADISTRICT TRANSFER |
| v. | (Document 11) |
| CONTINENTAL TIRE NORTH AMERICA, INC., et al., | |
| Defendants. | |

On March 19, 2009, Defendant Continental Tire North America, Inc. ("Continental") filed the instant motion to transfer venue. Pursuant to Local Rule 78-230(h), the Court deemed the matter suitable for decision without oral argument.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this strict liability and negligent manufacture action against Defendants Continental and Ford Motor Company, Inc. ("Ford") on January 12, 2009. Pursuant to this Court's diversity jurisdiction, Plaintiff alleges causes of action for strict liability and negligence against both Continental and Ford.

Plaintiff's allegations arise out of a June 22, 2008, roll-over in San Joaquin County. He alleges that he was driving a 2002 Ford Explorer when the left rear tire catastrophically malfunctioned as a result of a tread and/or belt separation. The Explorer lost control and rolled over, resulting in severe injuries to Plaintiff.

1

Continental and Ford filed separate answers on February 4, 2009.

On March 19, 2009, Continental filed a motion to transfer the action to the Sacramento division of this Court. Plaintiff opposed the motion on April 6, 2009, and Continental filed its reply on April 14, 2009. Ford has not joined in, or otherwise responded to, the motion.

**DISCUSSION**

28 U.S.C. section 1406(a) allows a district court, in the interest of justice, to transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a).

As to an intradistrict transfer, Local Rule 3-120(d) provides that proceedings "arising in" Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare and Tuolumne counties shall be commenced in the United States District Court sitting in Fresno, while proceedings "arising in" . . . San Joaquin . . shall be commenced in Sacramento.

If, upon its own motion or motion of a party, the Court finds that an action has not been commenced in the proper court in accordance with 3-120(d), or for other good cause, the Court may transfer the action to another venue within this District. Local Rule 3-120(f).

Continental argues, and the Court agrees, that this action should be transferred to the Sacramento division because the accident giving rise to this action occurred in San Joaquin County. Traffic Collision Report, attached as Exh. A to Declaration of Bret R. Henry. Although Plaintiff correctly states that the action *could* have been brought in Fresno, Sacramento is the proper forum given that the accident occurred within that court's boundaries. Accordingly, in the interests of justice, the Court GRANTS Continental's motion to transfer venue and orders that this action be TRANSFERRED to the Sacramento division of this Court.

IT IS SO ORDERED.

Dated: **April 27, 2009**          **/s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE