Robert J. Gibson (#144974)
Email: hgibson@swlaw.com
Alina Amarkarian (#245470)
Email: aamarkarian@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California  92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HAYES ALBEE,<br><br>    Plaintiff,<br><br>vs.<br><br>CONTINENTAL TIRE NORTH AMERICA, INC., An Ohio Corporation, and FORD MOTOR COMPANY, INC. a Delaware Corporation,<br><br>    Defendants. | CASE NO.  2:09-CV-01145-LKK-EFB<br><br>**NON-SHARING PROTECTIVE ORDER**<br><br>DATE OF FILING:   January 12, 2009<br>TRIAL DATE:   None |

It is hereby ORDERED that all documents and other materials produced by Ford Motor Company ("FORD"), either voluntarily or by Order of the Court, which have been identified by Ford as requiring a Non-Sharing Protective Order, will be produced under the following conditions.

**I.**

A.   The parties recognize that discovery in this matter may call for the production of materials containing a trade secret or other confidential and proprietary business, research, development and/or other commercially sensitive information of FORD which Ford has designated as subject to a Non-Sharing

10910077                                                                                                          CASE NO.  2:09-CV-01145-LKK-EFB

1  Protective Order, and that FORD has a protected proprietary and property interest
2  in those materials.

3      B.  When used in this Protective Order, the word "CONFIDENTIAL"
4  means information that is, contains, or reveals a trade secret or other designated
5  confidential research, development, and other commercial information of FORD
6  which Ford has designated as subject to a Non-Sharing Protective Order.

7      C.  Prior to producing any documents all or materials designated as
8  CONFIDENTIAL, counsel for FORD must certify in writing that those documents
9  or materials have been reviewed and have been designated as CONFIDENTIAL in
10 good faith.

11     D.  When used in this Protective Order, the term "CONFIDENTIAL
12 MATERIAL" means all designated CONFIDENTIAL written materials, computer
13 documents, design drawings, mold drawings, tire standards, claims histories,
14 adjustment data, testing documentation, videotapes, answers to Interrogatories,
15 responses to Requests for Production, responses to Requests for Admissions,
16 deposition transcripts, documents produced by FORD to any governmental agency
17 or body such as the National Highway Traffic Safety Administration ("NHTSA") at
18 any time and deemed by that agency or body to be confidential pursuant to 49 CFR
19 § 512, or other similar regulations, and all other designated tangible items which
20 disclose CONFIDENTIAL INFORMATION which Ford has designated as subject
21 to a Non-Sharing Protective Order.  The term "CONFIDENTIAL
22 INFORMATION" shall mean any information contained in CONFIDENTIAL
23 MATERIAL.

24     E.  In order to designate a portion of any document or other printed
25 material as CONFIDENTIAL, FORD shall mark the designated pages of the
26 material with the following legend:  **CONFIDENTIAL- DISCLOSURE OF**
27 **THIS INFORMATION IS SUBJECT TO A PROTECTIVE ORDER AND**
28 **MAY ONLY BE USED IN THE CASE OF** *DONALD HAYES ALBEE, ET AL.*

1  *v. CONTINENTAL TIRE NORTH AMERICA, INC., ET AL.*, **CASE NO. 2:09-**
2  **CV-01145-LKK-EFB, AND NOT FOR ANY OTHER PURPOSE**
3  **WHATSOEVER.**  The Confidentiality legend shall be placed in a manner that
4  does not cover, obscure, or impair the legibility of any information contained within
5  the material.  In order to designate a computer database, disc, compact disc, drive,
6  or other electronically recorded material as CONFIDENTIAL, FORD shall mark
7  the case or envelope containing the material with the word CONFIDENTIAL or
8  apply the confidentiality legend set forth above.  Documents printed from such
9  electronic media shall be marked the same as documents originally produced on
10  paper.  In the case of a deposition or oral examination, counsel for FORD may,
11  during the deposition, designate on the record that testimony involving
12  CONFIDENTIAL MATERIAL be held as CONFIDENTIAL, and the entire
13  deposition transcript will be treated as CONFIDENTIAL until counsel for FORD
14  receives a transcript of the deposition and for 30 days thereafter.  After receipt of
15  the deposition transcript, FORD shall identify by page and line the portion of the
16  material that FORD intends to designate as CONFIDENTIAL in a written letter
17  served to all counsel of record and court reporter within 30 days after receiving the
18  written deposition transcript from the court reporter.  Only the portions of the
19  deposition transcript designated by FORD during this time period shall remain
20  CONFIDENTIAL.  The parties stipulate that the court reporter or videographer for
21  any such depositions will be given a copy of this Protective Order, will execute an
22  acknowledgement thereof; and shall not disclose to anyone (other than the
23  COVERED PERSONS as defined in Section I.F below) any deposition testimony
24  or exhibits in this lawsuit.
25        F.     When used in this Protective Order, the term COVERED PERSONS
26  includes only the following:  (1) the Court and all Court personnel; (2) the named
27  parties, other than FORD, in this litigation; (3) the named counsel of record for all
28  parties other than FORD in this litigation and their employees, to the extent

reasonably necessary for such persons to render assistance in this litigation; (4) experts and non-attorney consultants retained or consulted by counsel of record for any party other than FORD to assist in the preparation, prosecution, or evaluation of this litigation; and (5) such other persons as may be designated by written agreement of the parties or by order of the Court.

## II.

Absent a further order of the Court, CONFIDENTIAL MATERIAL, as described in Sections I.D and I.E, shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS without the prior written agreement of FORD or order of the Court after due notice to FORD.

## III.

Before showing or divulging any CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION to any COVERED PERSON other than the Court and Court personnel, counsel shall first obtain from each such person a signed WRITTEN ASSURANCE in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of CONFIDENTIAL MATERIAL to whom this paragraph applies and the original of every WRITTEN ASSURANCE required pursuant to this paragraph.  At the conclusion of the litigation, the parties shall forward to counsel for FORD each and every signed WRITTEN ASSURANCE and a list of all recipients of CONFIDENTIAL MATERIALS; however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only provide a copy of the WRITTEN ASSURANCE redacted to remove any reference to the identity of the consultant(s); provided, however, that if FORD has a good faith reason to believe that CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION produced in this case has been improperly disclosed in violation of this Order, then FORD may either request that

Counsel for any other party provide the WRITTEN ASSURANCES for non-disclosed consulting experts or may petition the Court to review the WRITTEN ASSURANCES.

### IV.

A.  If any CONFIDENTIAL MATERIAL is filed with this Court, including any pleading incorporating CONFIDENTIAL MATERIAL, the portion of such filing containing CONFIDENTIAL MATERIAL shall be filed in a sealed envelope on which the following legend shall prominently appear:

> (*Donald Hayes Albee, et al. v. Continental Tire North America, Inc., et al.*, CASE NO. 2:09-CV-01145-LKK-EFB)
>
> CONFIDENTIAL - This envelope contains confidential documents and information produced by Ford Motor Company  It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.

B.  CONFIDENTIAL MATERIAL may be introduced into evidence in any pre-trial proceeding, if otherwise admissible, provided that it may only be done so when counsel for FORD is present, and the parties agree that confidentiality of the CONFIDENTIAL MATERIALS and CONFIDENTIAL INFORMATION shall continue to the maximum extent permitted by the Court, pursuant to such procedures as the Court may require.  The use of CONFIDENTIAL MATERIAL at trial shall be subject to any applicable Local Rules, the Final Pretrial Conference Order, and further rulings or orders of this Court.

C.  All documents or materials submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose CONFIDENTIAL INFORMATION shall be filed with the Court under seal pursuant only to court order and in accordance with the procedures set forth in Eastern District of California Local Rules 140 and 141.

D.  If any party or person who has obtained CONFIDENTIAL MATERIAL under the terms of this Protective Order receives a subpoena or other

1  legal process commanding the production of any such CONFIDENTIAL
2  MATERIAL (the "Subpoena"), such party or person shall promptly notify counsel
3  for FORD of the service of the Subpoena.  The party or person receiving the
4  Subpoena shall not produce any CONFIDENTIAL MATERIAL in response to the
5  Subpoena without either the prior written consent of counsel for FORD, or an order
6  of a court of competent jurisdiction.  However, FORD shall have the burden of
7  seeking a court order relieving the subpoenaed party or person of the obligations of
8  the Subpoena prior to the return date of the Subpoena, or the subpoenaed person or
9  party shall be relieved of its obligations under this paragraph.

10  E.   The inadvertent production in the course of discovery in this action of
11  any document or information (whether designated as Confidential or not) shall not
12  be deemed to waive the Confidential status of any CONFIDENTIAL MATERIAL
13  or CONFIDENTIAL INFORMATION and whatever attorney-client privilege,
14  work product protection or other privilege or immunity that would otherwise attach
15  to the document or information produced or to other documents or information shall
16  remain in tact as long as the party producing them, upon discovery of the
17  inadvertent production, notifies the other party or parties of the claim of
18  confidentiality, privilege or other protection or immunity.

## V.

20  Within 90 days after the final disposition of this lawsuit, by settlement, trial
21  or appeal, counsel for the parties shall deliver to counsel for FORD all
22  CONFIDENTIAL MATERIAL including any copies (except those determined by
23  the Court or agreed by the parties not to be CONFIDENTIAL) which have been
24  disseminated to any COVERED PERSONS.

## VI.

26  In the event counsel for any party, in good faith, disputes the designation of
27  any document as CONFIDENTIAL he or she shall notify counsel for FORD in
28  writing.  FORD may then seasonably apply to the Court for a determination that the

1  document is or is not protected pursuant to this Protective Order.  Until a final
2  determination by the Court, any disputed document will be treated as
3  CONFIDENTIAL MATERIAL pursuant to this Protective Order.  If the Court, in
4  its discretion, determines that the designation of a document as CONFIDENTIAL
5  was inappropriate under the terms of this Protective Order and/or was made in bad
6  faith, the Court may exercise its authority to impose sanctions.  Nothing in the
7  Protective Order shall be construed to alter or shift the burdens of proof and
8  persuasion as they apply to the assertion of privileges or exemptions from public
9  disclosure.

## VII.

This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure, Federal Rules of Evidence or any other statute or substantive law applicable to this case.

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Protective Order.

SO ORDERED.[1]

Dated:  January 29,  2010

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Ford Motor Company's Motion for a Protective Order, Dckt. No. 45, is granted and the February 3, 2010 hearing on that motion is vacated.

10910077                                                                  CASE NO.  2:09-CV-01145-LKK-EFB

PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HAYES ALBEE,<br><br>       Plaintiff,<br><br>vs.<br><br>CONTINENTAL TIRE NORTH AMERICA, INC., An Ohio Corporation, and FORD MOTOR COMPANY, INC. a Delaware Corporation,<br><br>       Defendants. | CASE NO. 2:09-CV-01145-LKK-EFB<br><br>**EXHIBIT "A" TO PROTECTIVE ORDER** |

### EXHIBIT "A"

### WRITTEN ASSURANCE

    I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order attached hereto.  I understand the terms of said Protective Order and under oath consent to be bound by the terms of said Protective Order, as a condition to being provided access to the Confidential Material and Confidential Information furnished by Ford Motor Company ("FORD").  Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or

10910077

CASE NO. 2:09-CV-01145-LKK-EFB

PROTECTIVE ORDER

1  any Court of competent jurisdiction for the special and limited purpose of enforcing
2  the terms of the Protective Order.
3       I recognize that all civil remedies for breach of this Agreement are
4  specifically reserved by FORD and are not waived by the disclosure provided for
5  herein.  Further, in the event of the breach of this Agreement, I recognize that
6  FORD may pursue all civil remedies available to it as a third-party beneficiary of
7  this Agreement.

DATED: _____

_____
Name

_____
Firm

_____
Address

_____
Telephone Number

SUBSCRIBED AND SWORN TO ME THIS __day of _____, 2009.

_____
Notary Public

_____
My Commission Expires