Robert J. Gibson (#144974)
Email: hgibson@swlaw.com
Alina Amarkarian (#245470)
Email: aamarkarian@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA  92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HAYES ALBEE,<br><br>               Plaintiff,<br><br>v.<br><br>CONTINENTAL TIRE NORTH AMERICA, INC., An Ohio Corporation, and FORD MOTOR COMPANY, INC. a Delaware Corporation,<br><br>               Defendants. | CASE NO.  2:09-CV-01145-LKK-EFB<br><br>Honorable Lawrence K. Karlton<br>Courtroom No. 4<br><br>**STIPULATED PROTECTIVE ORDER; ORDER**<br><br>DATE OF FILING:  January 12, 2009<br>TRIAL DATE:  January 11, 2011 |

        In order to preserve and maintain the confidentiality of certain confidential,

commercially sensitive and proprietary documents to be produced by FORD

MOTOR COMPANY ("Ford") in this action, it is ordered that:

        1.        Documents to be produced by Ford or Plaintiff in this litigation which

contain confidential information shall hereafter be referred to as "Protected

Documents."  Any document or any information designated as "Subject to

Protective Order," or other similar language in accordance with the provisions of

this Order, shown or disclosed as provided in this Order.

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

2.      As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic,  digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3.      The burden of proving that a Protected Document contains commercially sensitive, proprietary, and/or confidential information is on the party producing the document.  Prior to designating any material as "Protected," the producing party must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information or other commercially sensitive information, the dissemination of which would damage the party's competitive position.  If a party disagrees with the "Protected" designation of any document, the party will so notify the producing party in writing.  If the parties are unable to agree, within 30 days of receiving such notice, the producing party will then apply to this Court to set a hearing for the purpose of establishing that said document is protected.  Any document so marked as "Protected" will continue to be treated as such pending determination by the Court as to its confidential status.

4.      The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy in a location that does not cover or mark over any textual material if possible.

5.      Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the qualifications set forth herein.

6.      Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

a.      Counsel of Record for the parties, and the parties;

b.      Employees of Counsel of Record involved in the preparation

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1        and trial of this action;

2        c.      Experts and non-attorney consultants retained by the parties for

3                the preparation or trial of this case, provided that no disclosure

4                shall be made to any expert or consultant who is employed by a

5                competitor of Ford;

6        d.      The Court, the Court's staff, witnesses, and the jury in this case;

7                and

8        e.      Attorneys representing Plaintiffs, and the experts and non-

9                attorney consultants retained by such attorneys, in other cases

10               either pending or being investigated against Ford involving a

11               UN105 or UN150 Ford Explorer, or a P207 Ford Explorer Sport

12               Trac involving the same allegations asserted in this case,

13               provided that no disclosure shall be made to any expert or

14               consultant who is employed by a competitor of Ford.

15       7.      Plaintiffs' Counsel must make reasonable efforts to insure the

16   individuals described in paragraphs 6(b), 6(c) and 6(e) above are "Qualified

17   Persons" and must provide to Ford advance notice of the names of such "Qualified

18   Persons" with whom the Protected Documents will be shared.

19       8.      Before receiving access to any Protected Document or the information

20   contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above

21   shall execute a "Written Assurance" in the form contained in Exhibit A, attached

22   hereto.  Counsel for Plaintiff/Plaintiffs shall retain each such executed "Written

23   Assurance" and shall keep a list identifying (a) all persons all persons described in

24   paragraphs 6(b), 6(c) and 6(e) above to whom Protected Documents have been

25   disclosed, and (b) all Protected Documents disclosed to such persons. Each such

26   executed written assurance and list shall be submitted to counsel for Ford within

27   thirty (30) days of the disclosure of Protected Documents under this Order and at

28   the termination of this litigation.

9. As the Protected Documents may only be distributed to "Qualified Persons," Plaintiff's Counsel, Defendants' Counsel, and all persons described in paragraph 6 above, may not post Protected Documents on any website or internet accessible document repository.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, or to the extent that deposition testimony is otherwise marked "confidential", such documents, information and/or testimony shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents, information and/or testimony. The use of Protected Documents or information at trial, and the protection of any trial testimony, shall be subject to any applicable Local Rules, the Final Pretrial Conference Order, and further rulings or orders of this Court.

11. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed with the Court under seal pursuant only to court order and in accordance with the procedures set forth in Eastern District of California Local Rules 140 and 141.

12. Any court reporter or transcriber who reports or transcribes any pre-trial testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13. Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

14. This Protective Order may not be waived, modified, abandoned or

1   terminated, in whole or part, except by an instrument in writing signed by the

2   parties.  If any provision of this Protective Order shall be held invalid for any

3   reason whatsoever, the remaining provisions shall not be affected thereby.

4        15.    After termination of this litigation, the provisions of this Order shall

5   continue to be binding.  This Court retains and shall have jurisdiction over the

6   parties and recipients of the Protected Documents for enforcement of the provisions

7   of this Order following termination of this litigation.

8        16.    This Protective Order shall be binding upon the parties hereto, upon

9   their attorneys, and upon the parties' and their attorneys' successors, executors,

10   personal representatives, administrators, heirs, legal representatives, assigns,

11   subsidiaries, divisions, employees, agents, independent contractors, or other

12   persons or organizations over which they have control.

13        17.    All persons described in paragraph 6 above shall not under any

14   circumstance sell, offer for sale, advertise, or publicize either the Protected

15   Documents and the Confidential information contained therein or the fact that such

16   persons have obtained Ford's Protected Documents and Confidential information.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

11111401

5

1    18.    To the extent Ford is requested to produce documents it feels should

2  not be subject to the sharing provisions of this protective order, Ford does not

3  waive its right to subsequently request that the parties enter into a non-sharing

4  protective order prior to the production of any such documents nor do Plaintiffs

5  waive their rights to petition the Court for a sharing protective order.

6

7  Dated: January __, 2010                    SNELL & WILMER L.L.P.

8

9                                                      signature on original
                                             By:_____
10                                           Robert J. Gibson, Esq.
                                             Alina Amarkarian, Esq.
11                                           Attorneys for Defendant
12                                           FORD MOTOR COMPANY

13

14  Dated: January __, 2010                    PEREZ, WILLIAMS & MEDINA

15

16                                                    signature on original
                                             By:_____
17                                           Robert Gray Williams, Esq.
                                             Attorney for Plaintiff
18                                           DONALD HAYES ALBEE

19

20  Dated: January 14, 2010                    W. RANDOLPH BARNHART, PC

21

22                                                    signature on original
                                             By:_____
23                                           W. Randolph Barnhart, Esq.
                                             Attorneys for Plaintiff
24                                           DONALD HAYES ALBEE

25

26

27

28

**Snell & Wilmer**
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

PLAINTIFF AND FORD MOTOR COMPANY'S
STIPULATED PROTECTIVE ORDER

**<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HAYES ALBEE, | CASE NO.  2:09-CV-01145-LKK-EFB |
| Plaintiff, | Honorable Lawrence K. Karlton<br>Courtroom No. 4 |
| v. | **WRITTEN ASSURANCE ON<br>STIPULATED SHARING<br>PROTECTIVE ORDER FOR<br>DOCUMENTS PRODUCED BY<br>FORD MOTOR COMPANY** |
| CONTINENTAL TIRE NORTH<br>AMERICA, INC., An Ohio<br>Corporation, and FORD MOTOR<br>COMPANY, INC. a Delaware<br>Corporation, | |
| Defendants. | DATE OF FILING:  January 12, 2009<br>TRIAL DATE:  January 11, 2011 |

**AFFIDAVIT OF** _____ being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

States District Court, Eastern District of California in which the action of *Donald Hayes Albee v. Continental Tire North America, Inc., et al.*, Case No. 2:09-CV-01145-LKK-EFB, is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This _____ day of _____, 2010.


_____
AFFIANT


SUBSCRIBED AND SWORN to before me
this _____ day of _____, 2010.

_____
NOTARY PUBLIC

My Commission Expires:

11111401

PLAINTIFF AND FORD MOTOR COMPANY'S
STIPULATED PROTECTIVE ORDER

1

## **ORDER**

2          The foregoing stipulated protective order is approved as modified.  Ford

3 Motor Company's Motion for a Protective Order, Dckt. No. 45, is deemed

4 withdrawn and the February 3, 2010 hearing on that motion is vacated.

5          SO ORDERED.

6

7

8 Dated:  January 29, 2010

9                                                        Hon. Edmund F. Brennan
                                                         United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

11111401

1