IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD HAYES ALBEE,

   Plaintiff,        No. CIV S-09-1145 LKK EFB

  vs.

CONTINENTAL TIRE NORTH AMERICA,
FORD MOTOR COMPANY, INC.,

   Defendants.       ORDER
_____/

  Currently noticed for hearing on June 23, 2010 is defendant Continental Tire North America, Inc.'s ("CTNA") motion for a protective order regarding areas of testimony and documents demanded in plaintiff's Federal Rule of Civil Procedure 30(b)(6) deposition notice and notice for depositions of Dave Zupec and Andy Zisser. Dckt. No. 108. On June 21, 2010, CTNA filed a motion for a continuance of that hearing because CTNA's two lead attorneys in this action are both currently engaged in a state court trial and are therefore unavailable on the scheduled hearing date. Dckt. No. 113 at 2. The motion indicates that CTNA's counsel sought plaintiff's counsel's agreement in continuing the motion, but as of the time of filing the motion for an extension, plaintiff's counsel had not agreed to the continuance. *Id.* at 3. On June 22, 2010, plaintiff filed a formal objection to the requested continuance, arguing that any further delay in this action would not be in the interests of justice. Dckt. No. 115.

1

In light of CTNA's counsel's representations that its lead attorneys would be unable to attend the June 23 hearing, and in light of the additional concerns addressed below, CTNA's request for a continuance will be granted. The hearing on the protective order motion will be continued to July 7, 2010.

However, a review of the docket raises a question as to whether the undersigned has authority to hear the protective order motion or any other discovery dispute in this action (including any motion seeking enforcement of the depositions addressed in the protective order motion). The original scheduling order in this action, which was issued by the district judge on July 8, 2009, provides that all discovery "shall be so conducted as to be <u>completed</u> by May 6, 2010." Dckt. No. 30 at 4. According to the scheduling order, "[t]he word 'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with." *Id.* at 4-5. On March 1, 2010, the scheduling order was modified and the discovery completion deadline was extended to June 7, 2010. Dckt. No. 85.

Since the issuance of the initial scheduling order, the parties have been before this court on several discovery disputes. On August 19, 2009, the undersigned heard the parties' cross-motions for a protective order, and on August 24, 2009, the undersigned issued a non-sharing protective order in this action. Dckt. Nos. 38, 39. Then, on January 27, 2010, the undersigned held a hearing on plaintiff's motion to compel CTNA to produce documents and provide answers to interrogatories, Dckt. No. 41, and ordered the parties to further meet and confer, as required by the Federal Rules of Civil Procedure and this court's Local Rules. Dckt. No. 59. Then, on March 17, 2010, the undersigned held a hearing on plaintiff's initial motion to compel against CTNA and another motion to compel filed by plaintiff against CTNA, Dckt. Nos. 41, 63; a motion to compel filed by plaintiff against Ford Motor Company, Dckt. No. 66; a motion to compel filed by plaintiff against CTNA regarding plaintiff's Rule 30(b)(6) deposition notice to

CTNA, Dckt. No. 67; and a motion for a protective order filed by CTNA regarding plaintiff's Rule 30(b)(6) deposition notice, Dckt. No. 69. Dckt. Nos. 90, 97. On March 18, 2010, the undersigned issued an order regarding those motions. Dckt. No. 91. Among other things, the order provided that, for the reasons stated on the record at the lengthy March 17 hearing, the motions were each granted in part and denied in part. *Id.* The order required all discovery responses resulting from the March 17 ruling to be produced on or before April 1, 2010. *Id.*

On April 1, 2010, CTNA requested reconsideration of the undersigned's rulings at the March 17 hearing, Dckt. No. 98, and on April 26, 2010, the district judge held a hearing on the motion for reconsideration. Dckt. No. 104. On April 27, 2010, the district judge issued an order denying the motion for reconsideration and requiring CTNA to produce the discovery at issue within 21 days. Dckt. No. 105 at 19-20. The order further required plaintiff to file a proposed modification of the scheduling order within seven days thereafter. *Id.* at 20.

On May 13, 2010, CTNA requested an extension of the deadline provided in the district judge's April 27, 2010 order. Dckt. No. 106. On May 18, 2010, the district judge granted the extension and ordered CTNA to produce the discovery at issue by June 8, 2010. Dckt. No. 107. The district judge also ordered plaintiff to file a proposed modification of the scheduling order by June 15, 2010, but did not indicate that any extension of the discovery completion deadline, other than the specific extension provided regarding the discovery at issue, would be granted. *Id.*

Then, on June 10, 2010, CTNA requested an extension of the June 8 deadline set forth in the district judge's May 18, 2010 order. Dckt. No. 109. As a result of that requested extension, on June 15, 2010, plaintiff requested an extension of the June 15 deadline also set forth in the May 18, 2010 order. Dckt. No. 110. On June 18, 2010, the district judge granted plaintiff's requested extension and gave plaintiff "seven (7) days from delivery of [CTNA's] documents or June 28, 2010 to file a modification to the Scheduling Order." Dckt. No. 112. On June 22, 2010, the district judge granted CTNA's request for an extension and gave CTNA until June 22, 2010 to produce the discovery at issue. Dckt. No. 114.

The undersigned acknowledges that as a result of the many discovery disputes in this action and the requested continuances resulting from those discovery disputes, the discovery deadline in this action has been at least partially continued beyond the June 7, 2010 deadline set by the district judge on March 1, 2010. Dckt. No. 85. However, it does not appear from the docket that the discovery deadline has been continued beyond the June 7 deadline for any purpose other than enforcement of the specific discovery disputes already decided and for production of the specific discovery at issue in those disputes, and it is clear that even the extension the district judge has authorized for production of that discovery will expire today (June 22, 2010). Therefore, because the undersigned has no authority to consider a discovery motion after the discovery completion date set by the district judge, CTNA will be directed to either (a) explain why its protective order motion should not therefore be denied or (b) seek a continuance of the discovery completion deadline from the district judge. If the undersigned determines that the court does not have authority to hear the protective order motion, the July 7 hearing on that motion will be vacated.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendant CTNA's motion for a protective order, Dckt. No. 108, is continued to July 7, 2010 at 10:00 a.m. in Courtroom No. 24; and

2. On or before June 30, 2010, CTNA shall file, in writing, either (a) an explanation of the undersigned's authority to hear the protective order motion, or (b) a request to the district judge for a continuance of the discovery deadline.

SO ORDERED.

DATED: June 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE