IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD HAYES ALBEE,

    Plaintiff,

vs.

CONTINENTAL TIRE NORTH AMERICA,
FORD MOTOR COMPANY, INC.,

    Defendants.

No. CIV S-09-1145 LKK EFB

<u>ORDER</u>

/

On September 29, 2010, the court heard defendant Continental Tire North America, Inc.'s ("CTNA") September 1, 2010 motion for a protective order regarding plaintiff's Federal Rule of Civil Procedure 30(b)(6) deposition notice to CTNA and plaintiff's deposition notices to Dave Zupec and Andrew Zisser. Dckt. No. 130. Attorney W. Randolph Barnhart appeared at the hearing on behalf of plaintiff; attorney Anthony Latiolait appeared on behalf of CTNA. For the reasons stated on the record and the additional reasons stated herein, the motion for a protective order is granted in part and denied in part. Plaintiff's related request for sanctions is denied.

Additionally, CTNA's request to seal the joint statement regarding the September 1, 2010 motion for a protective order, along with the supporting exhibits, Dckt. No. 132, is granted. The Clerk's Office will be directed to file those documents under seal.

1

However, for the reasons stated on the record at the hearing, plaintiff's application to file under seal his response to CTNA's June 22, 2010 proposed supplemental filing regarding CTNA's May 24, 2010 motion for a protective order, Dckt. No. 131, is denied.[1] In accordance with Local Rule 141(e)(1), all copies of that document that were submitted to the undersigned's chambers will be returned to plaintiff's counsel. Further, because CTNA's May 24, 2010 motion for a protective order, Dckt. No. 108, was denied on procedural grounds rendering consideration of the supporting documents unnecessary, *see* Dckt. No 121, all copies of the following documents that were submitted to the undersigned's chambers will be returned to CTNA's counsel: (1) the joint statement in support of the May 24, 2010 motion, Dckt. No. 111; and (2) CTNA's June 22, 2010 proposed supplemental filing in support of the May 24, 2010 motion, Dckt. No. 117.

<u>September 1, 2010 Motion for a Protective Order</u>

CTNA seeks a protective order prohibiting the areas of testimony and documents demanded in plaintiff's Federal Rule of Civil Procedure ("Rule") 30(b)(6) deposition notice of CTNA's person most knowledgeable ("PMK") and plaintiff's notices for the depositions of Dave Zupec and Andy Zisser. Dckt. Nos. 129, 130. CTNA contends that it is entitled to a protective order because the deposition notices "seek information that can have no possible relevance to any issue in this case." Sept. 22, 2010 Joint Statement ("Jt. Stmt.") at 2. CTNA argues that it has already produced over 205,000 pages of documents in this case (including information regarding the manufacture of over 100,000,000 tires) and that plaintiff now "seeks to pursue additional depositions of CTNA representatives regarding the activities of Ford Motor Company pertaining to issues which Ford's own representative, John Baldwin, affirmatively established as

---

[1] At the hearing, plaintiff's counsel expressed concern about CTNA's supplemental filing appearing on the docket without a response from plaintiff. However, no response is necessary. Although that supplemental filing was submitted to chambers along with a request to file it under seal, the motion it supported was denied on procedural grounds, Dckt. No. 121, and the supplemental filing was never actually filed on the docket nor was it ever considered by the court.

having no relationship to the tire at issue in this case." *Id.* Specifically, CTNA contends that all three depositions seek information regarding either (1) Ford's replacement tire program for the tires Firestone/Bridgestone recalled in August 2000 and that Ford recalled in May 2001, or (2) Ford's design criteria or specifications for original equipment tires for Ford Escape and Ford Ranger vehicles from 1998 to 2001.[2] *Id.* at 2-3. CTNA contends that there is "no possibility that [such] information will lead to the discovery of anything relevant or admissible in this case because: (1) Ford's replacement program did not involve tires of the same type and size as the one at issue in this case for use on Ford Explorers; (2) [t]he tire at issue in this case was not original equipment on any Ford vehicle; (3) [a]ll of the tires involved in the replacement program or that Ford considered for use as original equipment on the Ford Escape and Ranger from 1998 to 2001 were, in fact, substantially dissimilar to the subject tire in numerous significant respects; and (4) Ford's replacement program was . . . administered by Ford and Plaintiff has deposed Ford's 30(b)(6) witness on that program and CTNA tires where it was unambiguously made clear to plaintiff's counsel that the subject tire was in no way part of that program." *Id.* at 4; *see also id.* at 16-18; CTNA Ex. M (Suppl. Bible Decl.). CTNA further argues that "any relevant information regarding Ford's inspection of the Mount Vernon plant has already been obtained from the source of that information: Ford Motor Company. Not only has Ford produced documents concerning site assessments of the Mount Vernon plant, among others, but plaintiff's counsel has also questioned Ford's representative concerning those site assessments." Jt. Stmt. at 19; *see also* CTNA Ex. L at 67-72.

Therefore, CTNA seeks a protective order prohibiting plaintiff from taking the three depositions at issue. CTNA further contends that, at a minimum, the court should prohibit

---

[2] CTNA contends that although only plaintiff's deposition notice with respect to the CTNA PMK "explicitly stated these topics," "there is no doubt that Plaintiff sought to depose Messrs. Zupec and Zisser to discuss these same things." *Id.* at 3, n.1. At the hearing, plaintiff confirmed that he does intend to depose Zupec and Zisser about the same topics identified in the deposition notice for CTNA's PMK.

3

1  plaintiff from requesting CTNA to produce Andy Zisser for deposition since CTNA no longer
2  employs Zisser.  Jt. Stmt. at 20-21.

3       Plaintiff counters that the deposition testimony he seeks is relevant in determining "why
4  Ameritrac SUV tires were rejected for use on the Ford Explorer and why Ford was requiring two
5  cap plies on Ameritrac tires for use as original equipment."  Jt. Stmt. at 12.  Plaintiff also
6  contends that "it appears from the documents that Ford also tested the Contitrac SUV which is a
7  common green of the Ameritrac SUV."  *Id.*   Plaintiff argues that the scope of discovery in this
8  case has been previously ordered to be information about *all* 15 and 16 inch tires (between 185
9  and 265 mm in width and made between 2000 and 2009), and that the scope as ordered is not
10 limited to tires used on Ford Explorers.  Jt. Stmt. at 21.  Plaintiff contends that "the touchstone
11 concept of relevance for discovery here is information about the design and construction of the
12 critical components of a tire that are most often associated with tread separation.  In order to
13 properly assess the design and construction of the subject tire for that purpose, the subject tire
14 needs to be compared with other tires that share – or don't share – the components that most
15 often affect tread separation."  Jt. Stmt. at 21-22.  Plaintiff argues that limiting the scope of
16 discovery to just tires used on an Explorer would eviscerate the rationale that comparison
17 between different tire lines is appropriate and necessary for discovery in this case.  Jt. Stmt. at
18 22.

19      Plaintiff further contends that deposition questions to CTNA witnesses about site
20 assessments of CTNA facilities are relevant and that CTNA's production of documents in
21 connection with the deposition notices on that topic may provide certain missing documents
22 regarding site assessments at the Mt. Vernon plaint.  Jt. Stmt. at 24.  Therefore, plaintiff requests
23 that CTNA's motion for a protective order be denied and that CTNA be sanctioned under Rule
24 37 "due to CTNA's violation of Rule 34 and this Court's orders of March 17, 2010 and April 27,
25 ////
26 ////

4

2010."[3]  Jt. Stmt. at 8, 24-25.

Federal Rule of Civil Procedure 26(b)(1) provides in pertinent part that: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(2)(C) provides that on motion or on its own, a court *must* limit discovery if: "(I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or  (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2).  Whether to limit discovery under these provisions is a further exercise of the court's discretion.  Further, Rule 26(c) provides that "for good cause," the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).

Here, plaintiff's CTNA PMK deposition notice indicates that plaintiff seeks to examine the CTNA PMK about (1) Ford's testing of CTNA tires in 2000 or 2001 in connection with Ford's replacement tire program for the recalled tires (areas of inquiry 1-6); (2) Ford's design criteria and or specifications to CTNA for original equipment tires for the Ford Escape and Ford Ranger from 1998 through 2004, including Ford's requirements that CTNA use cap plies in its

---

[3] At the hearing, plaintiff did concede, however, that CTNA would not be required to produce Andy Zisser for deposition if CTNA no longer employs Zisser, and agreed to limit his deposition notices regarding site assessments to site assessments that occurred at CTNA's Mt. Vernon plant.

5

tires (areas of inquiry 7-13); and (3) Ford's inspections or evaluations of CTNA USA tire manufacturing facilities between 2000 through 2004 (areas of inquiry 14-18). At the hearing, plaintiff's counsel indicated that he seeks to depose Zisser and Zupec about the same categories of information. Therefore, all three of plaintiff's deposition notices at issue will be addressed together.

It appears that the basis for plaintiff's inquiry into the first category, Ford's testing of CTNA tires in connection with its replacement tire program, is plaintiff's belief that Ford considered testing or did test and then rejected the subject tire for use in its replacement tire program. Plaintiff's counsel indicated at the hearing that he wants to know whether CTNA's Contitrac and Ameritrac tires (common green tires to the subject tire) were tested and why they were excluded if they were. It appears that the basis for plaintiff's inquiry into the second category, Ford's design criteria and or specifications to CTNA for original equipment tires, is plaintiff's belief that Ford told CTNA that CTNA should use cap plies in its tires. However, plaintiff failed, in both the joint statement in support of CTNA's motion and at the hearing on the motion, to provide support for either of these theories. Plaintiff has not shown any evidence suggesting that Ford considered the subject tire for its replacement tire program or that Ford ever told CTNA that CTNA should use cap plies in its tires. Rather, to the contrary, during a deposition on these topics, John Baldwin, a Ford representative, testified that he was not aware that Ford ever evaluated the subject tire as part of its replacement program or as original equipment for any vehicle, and he testified that the way to identify whether a particular tire was in fact tested by Ford is to compare the tire's DOT identification number with the DOT numbers listed on Ford's testing documents. CTNA's expert, Dennis Bible, analyzed that data and determined that Ford did not evaluate the subject tire for its replacement tire program and that the tires that Ford did consider were substantially different than the subject tire. *See* CTNA Ex. M (Suppl. Bible Decl.) at ¶ 8. Further, Mr. Baldwin testified that Ford does not tell its tire manufacturers to add components to its tires. Therefore, it appears that plaintiff's inquiry into

6

1  (1) Ford's testing of CTNA tires in connection with its replacement tire program and (2) Ford's
2  design criteria and or specifications to CTNA for original equipment tires would not be likely to
3  lead to relevant evidence in this case.  Accordingly, CTNA's motion for a protective order as to
4  those areas of inquiry is granted.
5       With regard to the third category, information about Ford's inspections of CTNA tire
6  manufacturing facilities, plaintiff agreed at the hearing to limit the deposition notices regarding
7  site assessments to site assessments that occurred at CTNA's Mt. Vernon plant.  Because what
8  CTNA may have learned about Ford's inspections or evaluations of CTNA's Mt. Vernon plant
9  (where the subject tire was manufactured) is relevant in this case, CTNA's motion for a
10 protective order as to information about Ford's inspections of CTNA's Mt. Vernon plant is
11 denied.  However, CTNA is not required to produce Zisser for deposition since he is no longer a
12 CTNA employee.  As plaintiff conceded at the hearing, if plaintiff wishes to depose Zisser, who
13 is now a non-party witness and who is not controlled by CTNA, plaintiff will have to subpoena
14 him under Rule 45.
15      Finally, because plaintiff has not shown that he is entitled to sanctions, his request for
16 Rule 37 sanctions is denied.
17      Accordingly, IT IS HEREBY ORDERED that:
18      1. CTNA's motion for a protective order, Dckt. No. 130, is granted in part and denied in
19 part, and plaintiff's related request for sanctions is denied.
20      2. CTNA's request to seal the joint statement regarding the motion for a protective order,
21 along with the supporting exhibits, Dckt. No. 132, is granted.  The Clerk's Office shall file those
22 documents under seal.
23      3. Plaintiff's application to file plaintiff's response to CTNA's June 22, 2010 proposed
24 supplemental filing regarding CTNA's May 24, 2010 motion for a protective order, Dckt. No.
25 131, is denied.  The Clerk's Office shall return to plaintiff's counsel all copies of that document
26 that were submitted to the undersigned's chambers.

1    4. The Clerk's Office shall return to CTNA's counsel all copies of the joint statement in
2 support of the May 24, 2010 motion, Dckt. No. 111, that were submitted to the undersigned's
3 chambers.
4    5. The Clerk's Office shall also return to CTNA's counsel all copies of CTNA's June
5 22, 2010 proposed supplemental filing in support of the May 24, 2010 motion, Dckt. No. 117.
6    SO ORDERED.
7 Dated: October 13, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE