UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD HAYES ALBEE,

        Plaintiff,

    v.

CONTINENTAL TIRE NORTH AMERICA, INC., An Ohio Corporation, and FORD1 MOTOR COMPANY, INC., a Delaware Corporation,

        Defendants.

NO. CIV. S-09-1145 LKK/EFB

O R D E R

On December 8, 2010, plaintiff filed a request to file under seal a portion of plaintiff's opposition to defendant's motion to exclude plaintiff's tire expert Troy Cottles. In his request, plaintiff did not state a basis for sealing the portions of the documents that he wishes to be sealed. Rather, the plaintiff stated that the request was pursuant to the Protective Order issued by the Magistrate Judge. ECF No. 39. That Protective Order instructs parties who wish to file papers with the court that disclose confidential information, to file the documents under seal

1

"pursuant only to court order and in accordance with the procedures set forth in . . . Local Rules 140 and 141." Protective Order 5:8-9. Those local rules mandate that documents may only be sealed by written order of the Court, upon the showing required by applicable law. The rules further state that a "Notice of Request to Seal Documents" must describe generally the basis for sealing.

When a party seeks to seal a document that is part of the judicial record, it must show "compelling reasons" for doing so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). See also Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos, id. (quoting Kamakana, 447 F.3d at 1178). Although the public does not have an interest in access to documents exchanged between the parties during discovery, the presumption of public access applies to discovery documents once they are filed with the court as attachments to motions. When discovery documents are attached to dispositive motions, the party seeking sealing must show compelling reasons to seal them.

A lower, 'good cause' standard is applied when a party seeks to seal non-dispositive motions and discovery documents attached to them. "The public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials. In

2

1 light of the weaker public interest in non-dispositive materials,
2 we apply the 'good cause' standard when parties wish to keep them
3 under seal." <u>Pintos</u>, 605 F.3d at 678.
4     In his pending request, plaintiff seeks to seal pages 18 and
5 19 of his Opposition to Defendant's Motion to Exclude Plaintiff's
6 Tire Expert, a non-dispositive motion. Therefore, the plaintiff
7 must show good cause for sealing the documents. Plaintiff's request
8 did not show good cause for sealing the documents. However, a
9 hearing on the motion is scheduled for January 18, 2010, and the
10 court does not wish to alter the schedule the deadlines for
11 plaintiff's filing of an opposition. Therefore, the court
12 temporarily grants plaintiffs request to file pages 18 and 19 under
13 seal until further order of this court. Plaintiff is ORDERED to
14 file a new request to seal these documents within fourteen (14)
15 days of the issuance of this order. The new request shall state the
16 basis for sealing the documents in accordance with the 'good cause'
17 standard. Failure to show good cause within fourteen days of the
18 issuance of this order may result in the documents being unsealed.
19     In his request to seal, plaintiff has also asked the court to
20 confirm that certain pages of the September 22, 2010 deposition of
21 Troy Cottles and of the transcript of the October 8, 2010
22 deposition of James Gardner described in plaintiff's motion, ECF
23 No. 159, are under seal. Those deposition transcript pages were
24 filed with the court on December 6, 2010 in hard copy format, and
25 appear as a sealed event in the clerk's docket as ECF No. 154. The
26 court notes that those sections are currently under seal due to

3

clerk error, but that the plaintiff has not shown good cause for them to remain under seal. Accordingly, plaintiff is ORDERED to file a request to seal those documents within fourteen (14) days of the issuance of this order.

Accordingly, the court ORDERS as follows:

[1] Pages 18 and 19 of Plaintiff's Opposition to Defendant's Motion to Exclude Plaintiff's Tire Expert Troy Cottles are to be SEALED until further order of this court.

[2] Plaintiff is ORDERED file a new request to seal the above-referenced documents, stating the basis for sealing, within fourteen (14) days of the issuance of this order.

[3] Pages 41, 70, 71, 72, 139, 142, 149, 150, 151, 170, 194, 195, 197, and 198 of the Deposition of Troy Cottles, and page 29 of the Deposition of James D. Gardner are to be temporarily SEALED until further order of this court.

[4] Plaintiff is ORDERED to file a request to seal the above-referenced documents, stating the basis for the sealing, within fourteen (14) days of the issuance of this order.

IT IS SO ORDERED.

DATED: December 22, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4