UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD HAYES ALBEE,

           NO. CIV. S-09-1145 LKK/EFB

    Plaintiff,

  v.

           O R D E R

CONTINENTAL TIRE NORTH
AMERICA, INC., An Ohio
Corporation, and FORD1
MOTOR COMPANY, INC., a
Delaware Corporation,

    Defendants.
_____/

    Pending before the court is a motion by plaintiff for reconsideration of this court's January 21, 2011 order granting sanctions against plaintiff's attorney for a last-minute cancellation of a scheduled deposition. Plaintiff also objects to the amount in sanctions requested by defendant Continental Tire North America ("CTNA"). For the reasons stated below, plaintiff's motion for reconsideration, ECF No. 176, is GRANTED in part and DENIED in part. The court GRANTS defendants request fees and costs from plaintiff in the amount of $2331.58.

1

# I. Background

On January 21, 2011, this court issued an order denying Defendant Ford Motor Company's motion for summary judgment. In that order, the court also granted in part defendant CTNA's motion for sanctions against plaintiff's counsel for failing to attend a deposition that plaintiff had noticed. Plaintiff had argued that he was justified in failing to attend the deposition after defendant stated that it did not have documents responsive to a request by plaintiff. Without the documents, plaintiff argued, the deposition would have been futile. Although plaintiff had requested the documents several times over the preceding months, Plaintiff did not directly inform defendant that the deposition was contingent on the production of documents. The court held that an award of reasonable costs and fees was appropriate pursuant to Fed. R. Civ. P. 30(g)(1), but that CTNA had not provided sufficient detail to support the amount requested. The court ordered CTNA to submit an affidavit to the court that itemized the costs and fees requested. CTNA timely submitted its affidavit. ECF No. 175. Plaintiff now moves for reconsideration of the award of sanctions. ECF No. 176. Plaintiff also objects to the amount sought by defendant. ECF No. 177. The court addresses these motions in turn.

## II. Plaintiff's Motion for Reconsideration

Plaintiff moves for reconsideration of this court's January 21, 2010 order granting sanctions against plaintiff's counsel for a last-minute cancellation of a scheduled deposition that plaintiff had noticed. Plaintiff bases its motion for reconsideration on an

2

assertion that this court's order relied upon inaccurate factual allegations made by CTNA. Specifically, plaintiff argues that CTNA misrepresented the date it notified plaintiff's attorney that CTNA could not produce the requested documents. Plaintiff provides evidence that his attorney was notified that defendant could not produce the documents on November 17, 2011, the evening before the deposition, and not on November 16, 2011, as stated in defendant's motion for sanctions.  Pl.'s Mot. to Reconsider 2. Defendant concedes that there was a typographical error in its motion for sanctions, and that it did not notify plaintiff until November 17. However, the court agrees with defendant that the date is irrelevant, since this court based its grant of sanctions on the fact that plaintiff never informed defendant that the deposition was contingent on the production of documents. Order, ECF No. 173 at 15.

At the hearing held on this motion on February 28, 2011, the court granted plaintiff's motion for reconsideration, noting that common sense should have dictated to the defendant that the deposition would have been futile without the requested documents. The categories of testimony to be given at the deposition–Ford's inspections and evaluations of tire facilities–were closely related to the documents requested. Upon further consideration, however, the court concludes that it is appropriate for the plaintiff to pay for half of defendant CTNA's reasonable fees and costs for the cancelled deposition. Plaintiff's conduct in cancelling the deposition was not the highest in professional conduct, but

3

defendant's failure to apply common sense under the circumstances was also a cause of the costs and fees incurred. The court concludes that plaintiff and defendant CTNA are each responsible for one-half of the reasonable costs and fees incurred as a result of the cancelled deposition.

### III. Attorney's Fees Calculations

In response to this court's order, defendant CTNA submitted a declaration from its attorney, Anthony F. Latiolait with an explanation of attorney's fees incurred as a result of the last-minute cancellation of the deposition.  CTNA requests that the court award reasonable expenses of $6725.65 for the following:

1) $950.65 in travel costs (including airfare, 2 night hotel stay, and 2 day car rental fees);

2) seven hours of attorney time spent traveling to Ohio;

3) five hours of attorney time spent preparing witness for deposition;[1]

4) one hour of attorney time spent driving to and from the deposition location and waiting at the deposition location;

5) seven hours of attorney time spent traveling back to Los Angeles from Ohio.

Dec. of Latiolait. The declaration states an hourly rate for this type of work at $275.00, totaling the fees to $5775.00 in addition to the $950.65 in travel expenses.

---

[1] Latiolait's declaration actually states "Five (6) hours of attorney time spent meeting with and preparing the company representative for his scheduled deposition." The court construes this to mean five (5), and not six (6) hours.

4

Plaintiff has filed an objection to the amount of attorney fees sought by CTNA. Plaintiff objects on three bases. First, plaintiff argues that Latiolait fails to state whether "he was accomplishing billable work unrelated to the scheduled deposition" during his seven hour flight from Los Angeles to Akron. Second, plaintiff argues that six hours in deposition preparation is excessive because CTNA had no documents to produce and therefore there were no documents to review, nor any reason to prepare for the deposition. Further, he argues that Latiolait did not state the date when this preparation occurred. Third, plaintiff argues there was no reason for Mr. Latiolait to go to Akron on November 16 instead of November 17, a day before the scheduled deposition and thus asks this court to reduce the hotel and rental car bills by half. Pl.'s Obj., ECF No. 177.

Fed. R. Civ. P. 30(g)(1) allows a party to recover "reasonable expenses, including attorneys fees, when the party noticing a deposition fails to attend and proceed with the deposition." See Detsch & Co. V. American Products Co., 141 F.2d 662 (9th Cir. 1944). The court finds that it is reasonable to reduce the hourly rate for travel time to half of the hourly rate for attorney fees. See, e.g. Watkins v. Fordice, 7 F.3d 453, 459 (5th Cir. 1993)(affirming a reduction by half of the hourly rate for time billed for travel, where the Voting Rights Act provided for "reasonable fees" to be awarded to the prevailing party.). In this case, defendant has requested fees for fifteen hours of travel time (seven hours each way of flight time, plus one hour of driving

time). This travel time accounts for $4125 of the requested fees. The court reduces this amount by one-half, or $2062.50. The court also construes Latiolait's ambiguous declaration to mean that Mr. Latiolait spent five, and not six hours preparing the witness for the deposition. The court therefore reduces the amount of fees requested by $275, equivalent to fees for one hour of work. Thus, the total amount in reasonable fees and costs is $4388.15. Plaintiff's reasonable share of that about is $2331.58

### IV. Conclusion

The court ORDERS as follows:

[1] Plaintiff's motion for reconsideration, ECF No. 176 is GRANTED in part and DENIED in part.

[2] Plaintiff SHALL pay defendant CTNA $2331.58 within thirty (30) days of the issuance of this order.

IT IS SO ORDERED.

DATED: March 16, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6