IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD HAYES ALBEE,

      Plaintiff,                                No. CIV S-09-1145 LKK EFB

      vs.

CONTINENTAL TIRE NORTH AMERICA,
FORD MOTOR COMPANY, INC.,

      Defendants.                        <u>ORDER</u>

        On July 20, 2011, the court heard a motion to intervene to modify this court's August 24, 2009 protective order, Dckt. No. 39 (the "Protective Order"). Dckt. No. 243. The prospective intervenor is the plaintiff in *Dongdong Huang v. Continental Tire the Americas*, *LLC*, 2:10-cv-12598-ADT-PJK (E.D. Mich.) ("*Huang*"). Attorney Anthony Latiolait appeared on behalf of defendant Continental Tire North America ("CTNA"); attorney John Gsanger appeared on behalf of the *Huang* plaintiff. After the July 20, 2011 hearing, CTNA and the *Huang* plaintiff each filed a proposed order purportedly in conformance with the court's rulings at the July 20 hearing. Dckt. Nos. 252, 253.

        As stated on the record, and for the reasons stated on the record at the hearing, the motion to intervene for the limited purpose of modifying the Protective Order, Dckt. No. 243, is granted in part and denied in part, as provided below. This ruling is not intended to, and does not,

address the discoverability or admissibility of any materials in the *Huang* case, and merely modifies the terms of access and use of materials designated confidential under the Protective Order. Other than the modifications provided herein, the Protective Order is unmodified in all other respects and shall remain in full force and effect.

The Protective Order, Dckt. No. 39, is modified as follows:

1. Counsel for plaintiff in *Dongdong Huang v. Continental Tire the Americas*, LLC, 2:10-cv-12598-ADT-PJK (E.D. Mich.), may use Confidential Documents subject to the Protective Order and/or information contained therein for the limited purpose of seeking the discovery of such documents in *Huang*.

2. In making such use of Confidential Documents or information as provided in paragraph 1 above, counsel for plaintiff in *Huang* may disclose Confidential Documents or information to the following persons: (1) the *Huang* court and court personnel; (2) the named counsel of record for all parties in *Huang* and their employees; and (3) plaintiff's expert in *Huang*.

3. Counsel shall comply with paragraph IV of the Protective Order and all provisions of the protective order entered in *Huang* requiring that Confidential Documents be filed under seal, unless an alternative procedure for submitting the Confidential Documents in a confidential manner in *Huang* is set forth by the *Huang* court.

SO ORDERED.

DATED: July 25, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2